IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  04-cv-02156-RPM

ANA RIOS, individually and on behalf of the estate of LUIS RODELAS-ACUNA,

        Plaintiff,

v.

MICHAEL AHRENS and
THE CITY AND COUNTY OF DENVER,

        Defendants.

---

### ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

---

On October 18, 2003, Michael Ahrens, acting in the course of his duty as a police officer for the City and County of Denver, Colorado, shot and killed Luis Rodelas-Acuna at his residence.  This is an action filed by the decedent's common law wife, Ana Rios, seeking damages under 42 U.S.C. § 1983 for herself and the decedent's estate, claiming that Officer Ahrens violated the Fourth and Fourteenth Amendments to the United States Constitution by the use of excessive force for which Denver is also liable because it has a policy or custom of deliberate indifference to police shootings and failing to provide adequate training on the use of lethal force.

After full discovery, the defendants moved for summary judgment of dismissal of these claims.  The motion has been briefed and the Court has reviewed the exhibits filed, including excerpts of the deposition testimony of Officer Ahrens, Ms. Rios, the decedent's parents and Nancy Baca, a witness at the scene of the incident.

The defendants assert that Officer Ahrens acted reasonably and appropriately because lethal force was necessary for the officer's safety in response to an unprovoked attack by Rodelas who was intoxicated, high on drugs and wielding a pick-axe. That position is supported by Officer Ahrens' testimony and the corroboration of the testimony of two other officers that they saw a pick-axe near the decedent's body when they arrived at the scene of the shooting. None of the other witnesses observed the pick-axe in the hands of Rodelas or his aggressive approach to the officer. There is some ballistics evidence that the trajectories of the penetrating bullets are inconsistent with the officer's testimony that Rodelas was directly facing him. There are also some inconsistencies in the police reports. Because Officer Ahrens is the only witness in a position to see Rodelas immediately before the shooting and the officer's credibility is questioned, his motion for summary judgment must be denied. His claim of qualified immunity is rejected because it is dependent on his version of the justification for shooting.

The defendants moved to strike portions of the plaintiff's response and for sanctions, arguing that denials of the decedent's intoxication and violent conduct that caused the plaintiff and her father-in-law to make 911 calls are inconsistent with their own testimony. Those events happening before the officer's arrival are irrelevant to his perception of an immediate threat to his safety. Officer Ahrens said that he was dispatched to the scene at 2:40 a.m. to respond to a "drunk party having a family fight." There is nothing in this record to show that the officer was aware of the details that the defendants are so concerned about.

Liability of the City and County of Denver depends upon a showing of a causal

nexus between its training and suspension of police officers and the conduct of Officer Ahrens. The plaintiff has not made that showing. This was the first use of lethal force by Officer Ahrens and there is nothing to show that he was put on patrol without adequate training. If the facts were as Officer Ahrens testified, there was no violation of the Constitution because the force would not be excessive.

The defendants ask for sanctions arguing that this is a frivolous lawsuit. That is not justified.

Upon the foregoing, it is

ORDERED, that the motion for summary judgment filed by the defendant Michael Ahrens is denied, and it is

FURTHER ORDERED, that the motion for summary judgment filed by the defendant City and County of Denver is granted. This action is dismissed as to Denver. It is

FURTHER ORDERED that the Defendants' Motion to Strike and for Sanctions is denied.

Dated: August 7th, 2006

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge